Tucker, Richard T., J.
The plaintiff, John R. Pinard, while an inmate at the Worcester County Jail, fell from a hydraulic lift on November 30, 2006 to the concrete floor below and suffered fractures to his feet and injuries to his wrist and teeth. His injuries required three to four days of inpatient treatment at UMass Memorial Center and, as a result, it is alleged that he incurred over Twenty Thousand ($20,000.00) Dollars in medical bills and charges.
On March 23, 2007, the plaintiff served a Presentment pursuant to Mass. G.L.c. 258, §4 upon the Commonwealth of Massachusetts. Thereafter the instant suit was brought in which plaintiff alleges that he was injured as a result of the negligence of the Commonwealth of Massachusetts in the care and custody of him while he was a pre-trial detainee and thereafter a sentenced inmate at the Worcester Couniy Correctional Institution. It is admitted by the plaintiff that at no time did he ever file a grievance pursuant to Mass. G.L.c. 127, §38E.
The defendant now files this motion for summary judgment alleging that the plaintiff is barred under Mass. G.L.c. 127, §38F from bringing this claim as the result of plaintiffs failure to first file a grievance within ten (10) days of the incident pursuant to Section 38E. The defendant claims that the failure of the plaintiff to timely file and exhaust his administrative remedies under these two sections is fatal to plaintiffs claim and that the defendant is entitled to judgment as a matter of law.
Applicable Standard
Summary judgment may be granted when there are no genuine issues of material fact, and the moving parly is entitled to judgment as a matter of law; Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of material triable issues and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not bear the burden of proof he may demonstrate the absence of triable issues by affirmative evidence that negates essential elements of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once a moving party establishes the absence of triable issues, the opposing party must respond and submit specific facts which would establish the existence of a genuine issue of material fact that required trial on the merits. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). To establish genuine issues of material fact, the non-moving party cannot rest on his or her pleadings and mere assertions of facts being in dispute. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
DISCUSSION
The defendant, with this motion for summary judgment, states that the plaintiffs complaint must be dismissed as the plaintiff has failed to comply with the dictates of Mass. G.L.c. 127, §§38E & F. Defendant argues further that plaintiffs failure to exhaust his administrative remedies pursuant to those two sections bars him from bringing the instant action at law. In this regard the defendant submits the plaintiffs response to request for admissions in which plaintiff admits that he “did not file a grievance with the Worcester County Jail and House of Correction with respect to the injuries alleged in plaintiffs complaint” and that plaintiff “did not file a grievance with the Worcester County Jail and House of Correction with *65 respect to the subject matter contained in plaintiffs Complaint.” If the incident in question is within the scope of “occurrence[s]” which are governed by Mass. G.L.c. 127, §§38E & F, and if there is no other affirmative defense that would prevent the operation of the Statute, the plaintiffs claim must fail. Ryan v. Pepe, 65 Mass.App. 833 (2006), states unequivocally that “[b]oth Federal and State law now expressly require inmates to exhaust available grievance procedures before going to court.” Id. at 839. As stated previously, it is admitted that the plaintiff filed no grievance to initiate the grievance procedure and that he never exhausted these available administrative procedures before filing this lawsuit.
Plaintiff argues, however, in his opposition to defendant’s motion that plaintiff “understood” that the grievance procedure was only applicable to concerns about the conditions of an inmate’s confinement, such as diet, visitation rights or the right to practice his religion of choice. The plaintiff states that he did not understand it to apply to claims for personal injury. See Plaintiffs Opposition to Defendant’s Motion for Summary Judgment at page 2.
While it is true that the inmate’s handbook which plaintiff apparently acknowledges having received, see Plaintiffs Opposition to Motion at page 2, is silent as to instituting the grievance procedure for personal injuries, the grievance procedure set forth therein states that it is a process for inmate grievances “concerning an incident, a condition of confinement or application of a facility, policy, rule or regulation.” Nothing in the explanation found within the handbook excludes personal injuries, although, certain matters are expressly exempted from the grievance procedure therein such as disciplinary committee decisions, classification decisions, and medical decisions. It appears to this Court, and it so finds, that the “incident” of which the plaintiff complains, that being his personal injury sustained on November 30, 2006, is subject to the statutory grievance procedure as set forth in Mass. G.L.c. 127, §§38E & F.
Plaintiff further argues that any affirmative obligation to file a grievance by him may be excused as the result of the “conduct of the Defendant’s employees with respect to inmates pursuing grievances.” See, Plaintiffs Opposition to Defendant’s Motion at page three. In support of this argument of estoppel against the Commonwealth, the plaintiff states in his sworn affidavit in support of his opposition to defendant’s motion that “I was also informed prior to my injuries by other inmates that people who file grievances were abused by corrections officers. I observed this verbal and physical abuse of inmates filing grievances at correction officers on several occasions.” Plaintiff does not allege that he was ever the subject of any abuse, intimidation or coercion as a result of his desire to file a grievance. In fact, he has stated under oath that he never intended to file a grievance because he “understood the grievance procedure was for ongoing problems or conditions such as an inmate’s diet, his physical rights or the use of certain religious items . . .” There being no evidence of any abuse of him or that his personal knowledge of such abuse was a reason for his failure to file a grievance, this Court rejects this estoppel argument as being unsupported by the facts and renders no opinion whether, if it was supported by factual evidence, it would set forth a legitimate exception to the requirement that exhaustion of administrative remedies must be had prior to seeking relief from the courts. See, Potter & McAuthur, Inc. v. City of Boston, 15 Mass.App.Ct. 454, 459 (1983) (“The public is not estopped by a violation of duty on the part of public officials”); cf. Best v. Stetson, 691 F.2d, 42, 44 (1st Cir. 1982) (courts retain authority to estop the government).
CONCLUSION AND ORDER
For the reasons stated above, the defendant’s motion for summary judgment is ALLOWED.